UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  04-23140-CIV-MORENO**

CP MOTION, INC.,

       Plaintiff,

vs.

AETNA  HEALTH,  INC.,  formerly  known  as
AETNA U.S. HEALTHCARE, INC.,

       Defendant.

_____/

**ORDER PARTIALLY GRANTING MOTION TO DISMISS**

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss the Amended

Complaint **(D.E. No. 41)**, filed on **June 12, 2008**.

THE COURT has considered the motion, response, reply and the pertinent portions of the

record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is PARTIALLY GRANTED for the following reasons.

**I. BACKGROUND**

On January 3, 2005, Plaintiff CP Motion, a prescription medical equipment supplier, filed

its original Complaint in this matter, in which it seeks to recover benefits under the Employee

Retirement Income Security Act of 1974, 29 U.S.C. §1001-1461 ("ERISA").  In its Complaint, CP

Motion alleged "benefits due" from Defendant Aetna under 29 U.S.C.§1132.  According to the

Complaint, even though CP Motion submitted claims to Aetna for medical equipment it provided

to 130 different patients, Aetna refused payment or payed less than the full amount owed under those

patients' insurance plans.  See CP Motion Complaint ¶¶10-11 **(D.E. 1)**.  CP Motion requested

$232,372.85 in damages, plus interest, attorney's fees and costs.

On January 24, 2005, Aetna filed a motion **(D.E. 7)** to designate this case as a tag-along to In Re: Managed Care Litigation, 00-1334-MD-Moreno. This Court granted that motion, and placed the case in civil suspense **(D.E. 12)** on February 24, 2005. In 2007, this Court reopened the case and removed it from civil suspense. **(D.E. 20 & D.E. 31.)** Subsequently, Aetna filed its responsive pleading **(D.E. 32)** to CP Motion's original Complaint, moving for dismissal on two grounds. First, Aetna argued that CP Motion had failed to plead any facts suggesting it exhausted administrative appeals of Aetna's denials of payment, as required by 11th Circuit precedent. Second, Aetna contended that CP Motion failed to plead any exceptions to the exhaustion requirement.

In response **(D.E. 33)**, CP Motion conceded that its initial complaint failed to plead exhaustion and sought leave to amend. This Court granted that request, and CP Motion filed an Amended Complaint **(D.E. 38)** on May 29, 2008.

The Amended Complaint attempted to remedy Aetna's concerns in two ways. First, the Amended Complaint added a brief description of the procedures CP Motion followed in appealing the various denials of benefits. According to the Amended Complaint, CP Motion followed Aetna's procedures by appealing the denial of benefits in at least 21 claims underlying the 130 counts cited in the Amended Complaint. Second, CP Motion further alleged a typical exception to the exhaustion requirement: that it would have been "futile" to file an appeal of each claim. CP Motion alleged futility on the grounds that Aetna had asserted in previous denials that it did not owe benefits for the sort of equipment CP Motion supplied, and thus repeated appeals would be "futile".

On June 12, 2008, Aetna responded **(D.E. 41)** to the Amended Complaint and once again moved this Court for dismissal. Aetna argued that CP Motion still had not properly alleged

exhaustion, and that it had misconstrued the "futility" exception to the exhaustion requirement.

CP Motion filed a Response to the Motion to Dismiss on June 20, 2008 **(D.E. 42)**, and Aetna filed a Reply to the Response on June 27, 2008 **(D.E. 43)**.  The Motion is therefore ripe for decision.

## II.  PLEADING EXHAUSTION

In the 11th Circuit,  ERISA plaintiffs seeking benefits under a breach-of-contract theory "must normally exhaust available administrative remedies under their...plans before they may bring suit in federal court." *Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990).  On its face, the Amended Complaint fails to allege satisfaction of the exhaustion requirement for the vast majority of the 130 counts.  In most instances, CP Motion failed to even appeal Aetna's decisions to deny benefits.

The Supreme Court in *Twombly* explicitly retired the pleading standard for motions to dismiss set in *Conely v. Gibson*, 355 U.S. 41 (1957).  *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1965 (2007).  *Twombly* substituted a flexible "plausibility" standard under which a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965.  The *Conely* decision held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id*. at 1968.  Instead, *Twombly* now requires that a complaint must allege a claim that is "plausible on its face."  *Id*. at 1974.  *See also*, *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027 (11th Cir. 2008) (A motion to dismiss "only requires that the plaintiff's factual allegations, when assumed to be true, must be enough to raise a right to relief above a speculative level") (internal citations omitted); *Mills v. Foremost Ins. Co.*, 511

F.3d 1300, 1303 (11th Cir. 2008).

In the 11th Circuit, an ERISA plaintiff seeking benefits under a breach-of-contract theory *normally* has no right to relief unless they first exhausted all available administrative remedies under their plan. *Springer*, 908 F.2d at 899.

Courts enforce this requirement strictly. For example, in *Springer*, the 11th Circuit overturned the Northern District of Alabama's award of retirement benefits to a former Wal-Mart employee. *Springer* held that, in light of the retiree's failure to exhaust his retirement plan's internal appeals process, the trial court abused its discretion when it denied dismissal of the suit. Similarly, in *Byrd*, the 11th Circuit upheld the Middle District of Florida, after it dismissed a widow's action against her decedent husband's former employer, because she failed to plead the requisite exhaustion of administrative remedies. *Byrd v. MacPapers, Inc.*, 961 F.2d 157 (11th Cir. 1992). Likewise, this Court has applied the exhaustion requirement. See, e.g., *In re Managed Care Litigation*, 298 F. Supp.2d 1259, 1295 (S.D. Fla. 2003) ("It is well-established that plaintiffs must normally exhaust available administrative remedies under their ERISA-governed plans before they bring suit in federal court").

In this case, the majority of counts in the Amended Complaint fail the exhaustion requirement, because they evince no administrative appeal. CP Motion amended its Complaint in light of its previous omission of any allegations indicating it appealed Aetna's denials. Nevertheless, in the Amended Complaint, CP Motion only alleged it appealed denials of benefits for 21 of its counts, despite that it cites 130 counts of inappropriate benefits denials by Aetna. For the remainder of its claims, CP Motion argued an *exception* to the exhaustion requirement. Based on that exception, it failed to even appeal these claims, much less to *exhaust* the appeals process available.

### III.  EXHAUSTION REQUIREMENT MET AS TO SIX CLAIMS

CP Motion's Amended Complaint alleged that the company appealed only 21 of Aetna's denials.  In addition, documents attached to Aetna's Motion to Dismiss, incorporated by reference, demonstrate that CP Motion exhausted the appeals process for, at most, 6 of those denials. Nevertheless, CP Motion failed to plead exhaustion as to the remaining 15 appealed counts.

In addressing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true all allegations of material fact in the complaint and construe them in the light most favorable to the non-movant.  *Swierkiewz v. Sorema N.A.*, 534 U.S. 506 (2002); *see also*, *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004). Nevertheless, the Court need not accept as true any "conclusory allegations, unwarranted deductions of facts or legal conclusions." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004); *see also, Twombly*, 127 S.Ct. at 1964-65 (noting that "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions").

Further, "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citation omitted).

Aetna submitted, concomitant with its Motion to Dismiss, an Affidavit by Karen Stiles.  Ms. Stiles, a Paralegal with Aetna, attested that she located in Aetna's records 20 of the 21 appeals submitted by CP Motion.  See Declaration of Karen Stiles in Support of Aetna's Motion to Dismiss **(D.E. 41, Attachment 1).**  As Exhibits to that Affidavit, Aetna included the denial letters it sent in response to those appeals.  **(D.E. 41, Attachments 2-3).**

Undoubtedly, the letters sent in response to those appeals are central to CP Motion's claims. Moreover, tellingly, in its Response to the Motion to Dismiss, CP Motion never disputed the letters. In fact, rather than arguing against their accuracy or centrality, CP Motion pointed out that 6 of the 20 letters were "denied final appeals."

An inspection of these 6 documents confirms the *plausibility* of CP Motion's description. Thus, granting the Motion to Dismiss would be improper as to the 6 exhausted counts. In particular, the counts stemming from the claims rejected in the letters attached as Exhibits 6 through 11 to the Declaration of Karen Stiles **(D.E. 41)** should not be dismissed.

However, CP Motion failed to allege that it satisfied the exhaustion requirement as to the remaining 15 appealed counts. In particular, for the counts stemming from the claims rejected in letters attached as Exhibits 1 through 5 and 12 through 20 to the Declaration of Karen Stiles **(D.E. 41)**, CP Motion failed to plead facts indicating that it *exhausted* the appeals process.

Moreover, the Declaration of Karen Stiles included only twenty appeals letters, whereas the Amended Complaint alleged that CP Motion had appealed denials for "at least 21" of its 130 claims. See Amended Complaint at ¶13 **(D.E. 38)**. This leaves at least one unaccounted, allegedly appealed claim. CP Motion failed to plead *exhaustion* of its administrative remedies for this count as well.

## IV.  FUTILITY AS AN EXCEPTION TO THE EXHAUSTION REQUIREMENT

For 124 of its 130 counts, CP Motion failed to exhaust the appeals process (i.e., it failed to appeal at all, *or* it appealed, but did not *fully exhaust* the appeals process). Moreover, for those 124 counts, CP Motion has not plead facts that indicate the *futility* of appeal. Rather, it merely alleged that appealing every claim would prove futile "because the result and outcome would be the same as the other *appealed* claims." See Amended Complaint at ¶14 **(D.E. 38)** (emphasis added).

Nevertheless, 11th Circuit precedent defines "futility" more narrowly, and CP Motion has not indicated any compelling reason to expand that definition in this instance.  Because CP Motion has also not plead facts indicating the *futility* of exhaustion, the Motion to Dismiss should be granted as to these 124 counts.  These 124 counts *include* the 15 appealed counts that were not appealed to exhaustion (i.e., Exhibits 1 through 5 and 12 through 20 of the Declaration of Karen Stiles *and* the "unaccounted" appealed claim), as well as the 109 counts that CP Motion evidently never appealed at all.

11th Circuit precedent recognizes exceptions to the clear general requirement that plaintiffs in ERISA cases must exhaust available administrative remedies before bringing suit in federal court. *Springer*, 908 F.2d at 899.  Exceptions exist where resort to administrative appeal is futile, the administrative remedy would be inadequate, or meaningful access to administrative review is denied. *Perrino*, 209 F.3d 1309, 1318 (11th Cir. 2000).

Moreover, the 11th Circuit Court of Appeals has elaborated on the meaning of "futility".  For example, *Springer* held that a plaintiff could not establish futility merely because the plan administrator who made initial benefits decisions and the trustees who reviewed appeals shared a common interest in "keeping costs down."  *Id*. at 901.  If so, "the exhaustion of internal administrative remedies would be excused in virtually every case." *Id*. Rather, *Springer* emphasized that a strong policy favoring exhaustion underlies ERISA.  *Id*. at 900.

Five years prior, the *Mason* court had discussed those policy considerations.  *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir., 1985).  A group of former employees of Continental Can Company brought suit against their former employer alleging, among other things, violation of their statutory rights under ERISA.  However, the former employees failed to exhaust

the grievance and arbitration procedures of their collective bargaining agreement, and the 11th

Circuit affirmed summary judgment in favor of Continental as a result of that failure. *Id*. Discussing

the policy rationales favoring a robust exhaustion requirement, the *Mason* court pointed out that:

> Administrative claim-resolution procedures reduce the number of frivolous lawsuits under
>
> ERISA, minimize the cost of dispute resolution, enhance the plan's trustee's ability to carry
>
> out their fiduciary duties expertly and efficiently by preventing premature judicial
>
> intervention in the decisionmaking process, and allow prior fully considered actions by
>
> pension plan trustees to assist courts if the dispute is eventually litigated.

*Id*. at 1227.  The plaintiffs in *Mason* argued that pursuing their grievance and arbitration rights would

have proven futile, because they would have failed.  Nevertheless, *Mason* specifically held that "[t]he

test for 'futility' is not...whether the employees' claims would succeed, but whether the employees

could have availed themselves of the grievance procedure."  *Id*. At 1224.

Heeding this analysis, this Court has previously been wary to find exceptions to the

exhaustion requirement.  In particular, in *In re Managed Care Litigation*, 298 F. Supp. 2d 1259,

1295 (S.D. Fla. 2003) (quoting *Perrino*, 209 F.3d 1318) this Court previously held that it "must

'apply the exhaustion requirement strictly' and 'recognize narrow exceptions only based on

exceptional circumstances.'"

Here, CP Motion simply hasn't alleged that it *couldn't meaningfully* avail itself of the

administrative procedures available from Aetna.  Rather, it alleged that "it would have been futile...to

file an appeal in every claim that was denied because the result and outcome would have been the

same as the other appealed claims." See Amended Complaint at ¶10 **(D.E. 38)**.  However, this

contention ignores *Mason*'s holding that futility cannot exist simply because a plan participant's

claims would likely fail.  *Mason*, 763 F.2d at 1224.

More to the point, CP Motion's attempt to circumvent the appeals process for the vast

majority of its counts flies in the face of the policy considerations that underlie the exhaustion

requirement.  Permitting discovery as to those 124 counts CP Motion failed to appeal exhaustively

would allow the precise sort of expensive, premature judicial intervention *Mason* warned against.

*Id*. at 1227.  It would prevent Aetna from taking the "fully considered action" designed to "assist

courts if [disputes are] eventually litigated." *Id*.  Certainly, CP Motion has pointed to absolutely no

"exceptional circumstance" that warrants recognizing a narrow exception to the exhaustion

requirement.  *In re Managed Care Litigation*, 298 F. Supp. 2d at 1295.

Consequently, CP Motion has not plead facts indicating the *futility* of exhaustion as to the

124 claims which CP Motion failed to fully appeal.  The Motion to Dismiss should be granted as to

those counts.

## CONCLUSION

Aetna's Motion to Dismiss is hereby PARTIALLY GRANTED.  In particular, Aetna's

Motion to Dismiss is GRANTED as to the 124 counts related to unappealed, or not fully appealed,

claims.  Those 124 counts are DISMISSED with prejudice.  As to the six remaining counts (in

particular, the counts stemming from the claims rejected in the letters attached as Exhibits 6 through

11 to the Declaration of Karen Stiles), the Motion to Dismiss is DENIED.  The parties may

eventually show that ERISA provides no remedy as to these claims.  However, the facts alleged

plausibly indicate that Aetna may have improperly denied the claims in these cases.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of November, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record